Good morning, Your Honors. Robert Boyce on behalf of Appellant Lamb. We have pleased the court in this case. The government drafted a stipulation to release the material witnesses and extended to the defendant the opportunity to receive a fast-track disposition. And in exchange for that fast-track offer to receive a fast-track disposition, the government secured the release of the material witness in this case. And in the event Mr. Lamb chose not to plead guilty, the government also secured a waiver of his Sixth Amendment right to confront and cross-examine the material witness if this case should proceed to trial, which it did. The agreement also stated that the government may admit the testimony or the statements of the material witness through the officer that interviewed the material witness and also that those statements were deemed to be declarations against interest under 804 B.3 and that was what was argued by the prosecution in their motions and in their in limine motions and that's what was advanced by the prosecution in proceeding to trial. Counsel, isn't that your problem that the stipulation just said that the government could introduce the statements and didn't give a parallel right to the defense? The problem is that the stipulation was drafted by the government and was extended to the prosecution and that's not exactly what the stipulation stated. It stated the government may introduce the statements and then in a separate phrase said those statements, such testimony would be deemed declaration against interest and that's how it was argued by the government in their in limine motions too. But you would agree, wouldn't you, that it didn't say either party may introduce the statements or both the government and the defense may introduce the statements which would have been clear as to what the party's intended regarding the use of the statements. It would also have been clear if it had stated that only the government and not the defense was entitled to introduce the statements and the government was the drafter of the stipulation and certainly even the attorney for Mr. Lamb who represented him when this stipulation was offered to Mr. Lamb stated that although he did not review it with Mr. Lamb, his investigator did, but his understanding of these agreements was it was to acquire the Sixth Amendment waiver and that the statements were admissible at a trial as some declarations against interest. So what is our standard of review when we are reviewing the district court's decision to allow the government to introduce statements but not the defense? What's our standard of review? I believe it's de novo. Why? Well it's a constitutional violation. It deprives Mr. Lamb of his right to present a defense at trial. I don't think there's any dispute about what the facts were at the trial court level and I think it's fairly clear what this agreement stated and it's simply a question of application of the law to the facts of the case. Suppose we agree with the government that this stipulation was not ambiguous as you argue. Suppose we agree with them, not with you. Is that the scope then? If you agree it was not ambiguous. That the judge properly applied the stipulation as drafted. I don't believe so because then what happens is that you have a violation of Mr. Lamb's right to present evidence in due process because this completely distorted the fact-finding function of the jury. They were presented with a very one-sided view of the evidence especially in light of the defense and Mr. Lamb's testimony that he did not know that the material witness was in the truck. But if that's what the parties agreed to, how could that be a violation? If we assume that the agreement was not ambiguous and this is what the parties agreed to, how could that then be a violation to the evidence? Because it was only, it would only be unambiguous as to the Sixth Amendment waiver and not to the waiver of his right to present a defense in due process because what happens is if it is unambiguous and it's a one-sided waiver of the Sixth Amendment then what would happen as it the jury's presented with only these statements that the government picked and chose as far as what they were presenting and the jury was in fact in closing argument they were told that the argument was it must have been the smuggling ferry that put the material witness into the truck. But to get around the the waiver in the stipulation, don't you have to show somehow it was involuntary or not knowing in some respect? Isn't that the only way you can get around a written waiver of these constitutional rights? Well, the attorney that represented Mr. Lamb at the time the testified that his understanding was that it was simply a waiver of the Sixth Amendment right to confront and cross-examine witnesses and that the statements would come in as declarations against interest. He didn't testify to that but he testified that his understanding was this was simply a waiver of the Sixth Amendment right so the Sixth Amendment could not be used as a sword by the defense at a trial because the government was releasing the material witness which who may or may not be available at the time of trial. But there was no waiver of his right to present, of Mr. Lamb's right to present a defense independent of the Sixth Amendment right to confront and cross-examine witnesses. If that answers your Honor's question. Did you want to give any time for rebuttal or did you? I'll save a minute for my rebuttal, Your Honor. Good morning. May it please the court, my name is Tara McGrath for the United States. An important distinction that I think needs to be made at the outset is that the issue in question that the appellant raises which was excluded from presentation to the jury was that one very finite piece which is that she claimed in her post-arrest interview, the material witness, claimed in her post- arrest interview that she was loaded into the truck by a guy named Jose, not by the defendant. And the question of who loaded her into the truck was never before the jury. The issue, the charge was that Mr. Lamb brought her into the United States illegally and didn't present her to the port officers. She was hidden in a compartment inside the cab of the truck he was driving. There was never a question, never an element, never an issue presented to the jury of who loaded her into the truck. And so his claim at this point that his confrontation rights, that his constitutional rights were violated because he couldn't present an issue of who put her into the truck that she said it was some guy named Jose. It's outside the picture of what was an element, what the jury needed to consider. There was nothing, it's just simply a collateral issue. It is of no consequence. But couldn't the defendant make the argument that if Jose was the one who put her in the truck, it's a logical inference that he's the one who brought her into the country as opposed to the defendant. I think that was the argument that was... Absolutely, Your Honor. And in fact, Your Honor, he did make that argument. In his closing arguments, the defendant made the point that there was no evidence before the jury of who put her into the truck. And so he did get to make that argument anyway. But arguments by counsel are not evidence. If he could have gotten the evidence in, then the jury could consider that. But they're expressly told that the arguments of counsel are not evidence. That's correct, Your Honor. But what was evidence in this case was a stipulation of fact, not a stipulation of expected testimony by the material witness. This material witness was returned to Mexico based on circumstances brought about by the appellant. He signed a document with agreeing to plead guilty. And in reliance on that document, the United States released this material witness back to Mexico. And despite our best efforts, we could not find her in And so all we had to present to the jury from our material witness, the most important possible witness in our case, the only evidence we had to present was a stipulation of facts that existed solely because Mr. Lamb asked us for a plea agreement. Now, certainly we extend that plea agreement in the vast majority of 1324 Port cases. This was a standard fast-track plea agreement. And in it, Mr. Lamb had a remarkable potential benefit. We agreed to not charge him with a mandatory minimum count that would have resulted in a 36-month sentence, which in fact did result in a 36-month sentence for Mr. Lamb. And in exchange for that, he would have been looking at a guideline range of around 12 to 18 months, with the ability to argue. So my point is, Your Honors, that this was a bargain for exchange. And certainly Mr. Lamb, as a result of this stipulation, received a bargain. He opposed to a mandatory minimum, which was, in fact, the result of this case. Now, we often see that there are videotaped depositions or some types of depositions before material witnesses are released. Why wouldn't that have happened in this case? Because of this stipulation. We released her prior to a deposition being ordered or set up because it's a fast-track plan. It gives the government the benefit of not having to pay for the expense or take the time for a deposition. And so we sent Ms. Ortega-Ruiz back to her home country. She's being held in a facility pending trial or pending a deposition, which can take weeks to prepare. And she's not facing charges, but rather she's being held. And so it gives us the opportunity to release someone from confinement pending trial. And so a deposition was never ordered. The stipulation was in lieu of a deposition and in lieu of her testimony at trial if she couldn't be returned. Do you agree that the so-called Jose evidence could have created reasonable doubt in the minds of the jurors as to the identity? I'm sorry, Your Honor. Absolutely not. There was ample evidence in this case. Even if the court is to believe that or if the court is inclined to agree that the Jose evidence should have been admitted, it would have been harmless error. There was an enormous amount of evidence against Mr. Lamb. He lied to the port officer when he presented himself. He testified inconsistent with other witnesses. The material witness was in a compartment sealed underneath the backseat of the truck that Mr. Lamb was driving. And his claim that she didn't know that he was there was simply incredible. He was inside the cab of the vehicle within inches of her for at minimum 45 minutes by his own testimony, because that's the amount of time he was in line to get to the port. And then when he got to the port, he appeared nervous and he made statements to the port officer that just made them question his veracity that turned out to be untrue. So, Your Honor, even if it should have been admitted, it would be harmless error. Thank you very much. Thank you, Ms. McGriff. Mr. Boyce, you get the last word. Thank you, Your Honors. Either one or two scenarios. Mr. Ring Kahn, who ended up testifying in the police or in the prosecution case together with this Jose or other people, placed this witness or placed the material witness in the back of that truck, which belonged to Mr. Ring Kahn, or as the prosecution argued, Mr. Lamb was involved in the smuggling operation. But certainly if the jury was aware that the material witness had said that, did not identify Mr. Lamb and actually told the person that put her in was Jose and not Mr. Lamb, that would have made, significantly undermined the prosecution's argument that Mr. Lamb's position that he didn't know that this material witness was back there because it had to have been the smuggling ferry if Mr. Lamb hadn't placed the material witness in the back of the truck. So, it certainly went to the heart of the defense and was central to this case as to any information as to how the material witness was placed and who placed the material witness in the back of the truck. In this case, the material witness was out on bond until shortly before Mr. Lamb's appearance where he declined to enter into the plea agreement. And as Your Honors have seen, what the actual statements of the material witness are, they can hold a videotape deposition on motion or agreement with the defense. So, Mr. Boyce, do you agree that this language that was in the stipulation is standard language that is used in fast track stipulations like this and other cases? I haven't compared this language to other stipulations that I've seen or I've been involved in with the 1324 cases. It is pretty standard in most 1324 cases to make a fast track offer. But I believe that the language varies slightly from agreement to agreement depending on the facts of the case. I'm wondering how the attorney could have been confused by the language. Well, the intent is really to allow the material witness to be released. And then the concern is whether the material witness is going to be available for trial. And to avoid that situation and avoid the Sixth Amendment being used as a sword, the parties enter into a stipulation which in exchange for this, for the opportunity to receive a fast track disposition, the government releases the material witness and the parties agree that those statements of the material witness may be introduced into evidence without the right to confront and cross-examine the witness. I mean, that's what is generally the mindset of defense counsel when they're going into this. It's not that you're waiving your right to present evidence or that you're giving the government a foot up in going to trial. It's to avoid the problems of releasing the material witness. Thank you, Mr. Boyce. Mr. McGrath, thank you as well. The case just argued is submitted. Good morning. 1150249 United States v. Benuto and also 1155749 Becker v. Martell are submitted on the brief.
judges: Tunheim, Silverman, Rawlinson